**MILLER, Appellee,**

v.

**KUTSCHBACH, Appellant.**

[Cite as *Miller v. Kutschbach* (1996), 111 Ohio App.3d 157.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 95CA2130.

Decided May 17, 1996.

*Southeastern Ohio Legal Services, Tami L. Johnson* and *James M. Daniels,* for appellant.

*Kevin I.A. Harrell,* for appellee.

*Frederick Oremus,* urging reversal for *amicus curiae,* Ohio Legal Assistance Foundation.

---

KLINE, Judge.

This is an appeal from a judgment entered by the Ross County Common Pleas Court, Juvenile Division. The court dismissed without prejudice the contempt motion of defendant-appellant James F. Kutschbach. The court indicated in its entry of dismissal that appellant could refile his motion after paying $60.02 in court costs.

The pertinent events occurred in 1995 and are not in dispute. Appellant filed a *pro se* motion of contempt on April 21 against plaintiff-appellee Linda K. Miller to enforce his visitation rights with his daughter. At the hearing on June 28, appellant appeared *pro se,* while appellee appeared with counsel. The trial court explained to the appellee that if she was found guilty she could receive up to thirty days in jail and/or a $250 fine.[1] Appellant called two witnesses before the case was dismissed.

During the hearing there were several objections by appellee's counsel that were sustained by the court. When appellant was examining his first witness, the court at one point told appellant: "That's not a question, sir—Now, if you continue to ignore the rules of law, I'm just going to have to say that I'm going to either continue this matter * * * or we're going to dismiss this case."

During appellant's direct examination of his second witness, the court asked appellant if he wanted to continue the hearing. Appellant said, "Yes, sir." However, appellee's attorney objected to a continuance. The court then *sua sponte* dismissed the motion without prejudice. The court further provided that appellant could not refile his motion unless he paid the court costs of $60.02. Appellant paid the court costs.

Appellant appeals the trial court's judgment and raises the following three assignments of error:

"I. The trial court failed in its active duty to see that the trial was conducted in a way that justice would be done and injustice prevented.

---

1. The trial court treated the contempt as criminal. Appellant contended at oral argument that the court was wrong. Appellant maintained that it was a civil contempt.

"II. The trial court's dismissal of appellant's motion was contrary to law and an abuse of discretion.

"III. The trial court order that the defendant must pay the court costs before he can refile a contempt is an abuse of discretion and contrary to law."

Our initial inquiry is whether appellant has the right to appeal the trial court's judgment dismissing the contempt charge. For the reasons that follow, we find that appellant does not have the right to appeal.

In *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 520 N.E.2d 1362, syllabus, the court addressed this issue and found, "There is no right of appeal from the dismissal of a contempt motion when the party making the motion is not prejudiced by the dismissal." Therefore, appellant must show that he is prejudiced by the dismissal of his motion for contempt before he has a right to appeal.

Appellant has not shown how he is prejudiced by the trial court's dismissal of his contempt motion. Appellant can simply refile his motion because the dismissal was without prejudice. Any argument that appellant is prejudiced because he cannot pay the court costs of $60.02 before refiling the contempt motion is moot because the record demonstrates that appellant has already paid these costs.[2] Therefore, pursuant to *Denovchek,* we hold that appellant has no right of appeal from the dismissal of his contempt motion.[3]

Accordingly, we *sua sponte* dismiss this appeal.

*Appeal dismissed.*

PETER B. ABELE, P.J., concurs.

HARSHA, J., dissents.

HARSHA, Judge, dissenting.

I respectfully dissent because I do not believe the syllabus in *Denovchek, supra,* is applicable to this case. Appellant is clearly prejudiced, as he is seeking

---

2. Appellant paid the court costs to reduce a prison sentence he received in a contempt charge that is not part of this appeal.

3. Our holding in this case does not change our prior holdings in other cases involving *pro se* litigants. *Pro se* litigants must be given wide latitude during trial court proceedings. This court continues to reject all notions that *pro se* litigants be held to the same standard as attorneys. See *State ex rel. Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827, 832, citing *Wright v. Miller* (Mar. 8, 1991), Highland App. No. 752, unreported, 1991 WL 37926, and *In re Paxson* (July 1, 1992), Scioto App. No. 91CA2008, unreported, 1992 WL 154139.

enforcement of the mutual right of visitation with his daughter through a contempt action against his former spouse. I agree with appellant's characterization of this action as civil contempt because it is designed to benefit the appellant through remedial or coercive means. *Id.* at 16, 520 N.E.2d at 1364. To conclude he is not prejudiced because he can refile upon payment of court costs is to disregard the definition of a final appealable order found in R.C. 2505.02. Thus, I dissent.