Paul's Motor Sales appeals the judgment of the Vinton County Court, Small Claims Division, awarding Lillian Barnett fifteen hundred dollars for the value of her car that disappeared from Paul's Motor Sales' lot and finding that Paul's Motor Sales had no enforcable storage agreement with Barnett. Paul's Motor Sales asserts that the trial court overvalued the car. We disagree, because the record contains competent, credible evidence which supports the trial court's finding of value. Additionally, Paul's Motor Sales asserts that the trial court erred in finding that it had no enforceable storage agreement with Barnett. We disagree, because the record contains competent, credible evidence which supports the trial court's finding that the parties never entered into a storage agreement. Accordingly, we affirm the judgment of the trial court.
 I.
Paul's Motor Sales sold Barnett a car in 1990 or 1991 for an undisclosed price. The record reflects that Barnett gave Paul's Motor Sales a down payment of six hundred fifty dollars and made three monthly payments of approximately one hundred dollars each. Barnett also purchased new tires for about two hundred dollars, and installed a cassette player and speakers at a cost of about two hundred dollars.
Three months after Barnett purchased the car, it developed mechanical problems. Barnett returned the car to Paul's Motor Sales. The parties discussed sharing the expenses of repairing the car, but Barnett never made any payments to Paul's Motor Sales for the repairs. Barnett also stopped making payments on the car. In 1991, Paul's Motor Sales sued Barnett on a note she executed as part of her purchase of the car, and won a judgment for nine hundred seventy-five dollars, plus interest.
Barnett made her final payment to Paul's Motor Sales on October 7, 1997. Barnett then went to Paul's Motor Sales to retrieve her car. However, Paul's Motor Sales could not find Barnett's car. The car was no longer on Paul's Motor Sales' lot.
Barnett filed suit seeking to recover the value of her car and the personal possessions contained in it, for a total estimated value of three thousand dollars. Barnett testified that one of Paul's Motor Sales' employees informed her that they probably sold her car for its parts. Barnett further testified that Paul's Motor Sales left her car too close to the creek bed and exposed it to potential floods. The president of Paul's Motor Sales, Diane Barnett, testified that a flood in early 1997 washed Barnett's car down the creek, though she did not actually see it wash away or ever recover any part of it. Diane Barnett further testified Paul's Motor Sales never prevented Barnett from retrieving her personal belongings from the car, and asserted that Paul's Motor Sales had no responsibility for the items Barnett left in the car for over six years.
Paul's Motor Sales also filed a separate suit against Barnett, seeking to recover storage fees of five hundred dollars per year for each of the six years Barnett stored her car on its lot, for a total of three thousand dollars. Barnett testified that Paul's Motor Sales informed her in 1991 that it would not charge her storage fees to hold the car until they repaired it. Paul's Motor Sales never repaired the car and refused to release it to Barnett until she paid in full.
In a consolidated opinion, the trial court found that Barnett was entitled to compel Paul's Motor Sales to return her car to her. The court further found that Paul's Motor Sales had a legal duty to use due care in the storage of Barnett's car. Therefore, the trial court found Paul's Motor Sales responsible for the value of the car, fifteen hundred dollars. As to storage charges, the trial court found that the parties never agreed that Barnett would pay storage charges. Additionally, the court declined to find an implied agreement for storage charges, since Paul's Motor Sales refused to release the car to Barnett while she made payments.
Paul's Motor Sales filed a timely notice of appeal, stating,inter alia, that the trial court overvalued the car and that the trial court erred in refusing to award storage fees.
 II.
The parties in this case, both pro se litigants, failed to set forth specific assignments of error or file formal briefs. We recognize that the Rules of Appellate Procedure bind evenpro se litigants. Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209,210. However, to decide cases on their merits and further the interest of justice, we must give pro se litigants wide latitude. Miller v. Kutschbach (1996), 111 Ohio App.3d 157,159. Therefore, we treat the letters each party filed with the court as briefs in this case.
In the letter filed by Paul's Motor Sales, we discern two assignments of error. Paul's Motor Sales contends that the trial court's finding that valued Barnett's car at fifteen hundred dollars is against the manifest weight of the evidence, because the actual value of the car was far less than fifteen hundred dollars. Additionally, Paul's Motor Sales asserts that the trial court's judgment finding that it did not have a storage agreement with Barnett is against the manifest weight of the evidence, because neither party disputed that Paul's Motor Sales stored Barnett's car for six years.
A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Chio St.2d 279, syllabus. The trial court, as finder of fact, is in the best position to resolve questions of fact and evaluate witness credibility. State v.Carter (1995), 72 Ohio St.3d 545, 552. Therefore, a reviewing court must make every reasonable presumption in favor of the trial court's findings of fact. Myers v. Garson (1993), 66 Ohio St.3d 610,614; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80.
 A.
Paul's Motor Sales asserts that the trial court should have limited its responsibility to reimburse Barnett to the value of Barnett's car, which Paul's Motor Sales contends is less than fifteen hundred dollars. Barnett asserts that we should not disturb the trial court's judgment.
Barnett testified that she estimated the value of her car and the personal belongings in her car as approximately three thousand dollars. Barnett further testified that she based her valuation in part upon what she paid for the car, as well as upon the fact that she installed new tires and a new stereo system in the car. Barnett expressed her belief that Paul's Motor Sales sold her car for its parts.
Paul's Motor Sales did not present any evidence regarding the value of the car, but asserted generally that the car's value would decrease after sitting in a lot for six years, and reminded the court that the car's engine was "blown." We note that the disappearance of the car, by flood or other means, makes assessment of the car's condition and its precise value impossible.
We find that the record contains some competent, credible evidence supporting the trial court's valuation of the car. Specifically, Barnett's testimony regarding the amount she paid for the car and improvements to it constitutes evidence of the car's value. Evidence that the car lost value by aging and mechanical problems, as well as the trial court's determination that Paul's Motor Sales was not responsible for Barnett's personal belongings, supports the trial court's determination that the value was less than the three thousand dollars Barnett requested. Thus, we find that the trial court's judgment awarding Barnett fifteen hundred dollars for the value of her car is not against the manifest weight of the evidence.
Accordingly, we overrule Paul's Motor Sales' first assignment of error.
 B.
Paul's Motor Sales also asserts that the trial court's determination that it did not have an agreement with Barnett for storage fees was against the manifest weight of the evidence. Barnett testified that Paul Remy of Paul's Motor Sales informed her that Paul's Motor Sales would not charge her to store her car on their lot. Diane Barnett, the president of Paul's Motor Sales, testified that it charges five hundred dollars per year to store vehicles on its lot.
As the trier of fact, the trial court was in the best position to evaluate the credibility of Barnett and believe or disbelieve her statement that Paul's Motor Sales stated it would not charge Barnett for storage of her car. We find that some competent, credible evidence in the record supports the trial court's judgment.
Accordingly, we overrule Paul's Motor Sales' second assignment of error.
 III.
In conclusion, we find that the record contains some competent, credible evidence supporting the trial court's findings that Barnett's car had a value of fifteen hundred dollars and that Paul's Motor Sales did not have a storage fee agreement with Barnett. Thus, we find that the trial court's judgment in Barnett's favor is not against the manifest weight of the evidence.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court, Small Claims Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: _____________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.