Keith Platz appeals from the civil protection order ("CPO") issued by the Washington County Court of Common Pleas. The CPO orders Platz to stay at least one hundred feet away from Dawn Stella and forbids him from contacting or causing others to contact Stella. Additionally, the CPO restricts Platz's visitation with his and Stella's daughter, Aimee, by forbidding Platz to remove Aimee from the local area. The court ordered that the CPO remain in effect for five years and assessed court costs to Platz. In his pro se "List of Acts for Appeal," Platz challenges or seeks clarification of a number of holdings contained in the CPO. For the reasons that follow, we vacate the trial court's judgment to the extent that it modifies a preexisting juvenile court order which allocated Platz's visitation rights with Aimee. In all other respects, we affirm the judgment of the trial court.
 I.
Stella filed a petition for a CPO alleging, inter alia, that Platz struck her, threatened her with harm, stalked her, attempted to remove Aimee from child care, and threatened to abscond with Aimee. Stella averred that she was the custodial parent of Aimee, and that the Washington County Juvenile Court determined the custody, visitation, and care rights and responsibilities concerning Aimee in case number 97-CV-835. The trial court granted an ex parte CPO protecting Stella and Aimee, and scheduled a full hearing to commence six days later.
Stella and Platz each attended the full hearing and were represented by counsel. The parties agreed to waive their rights to request findings of fact and conclusions of law. The court issued a consent agreement and CPO which named only Stella, not Aimee, as the person to be protected. In the CPO, the court ordered Platz to refrain from harming, threatening, stalking, or contacting Stella, and from causing others to harm, threaten, stalk, or contact Stella. Additionally, the court ordered Platz to stay at least one hundred feet away from Stella, and stated that even an invitation from Stella can not nullify Platz's duty to avoid contact with her.
The court further stated that Stella should "continue" as Aimee's residential parent and legal custodian, apparently in accordance with the previous juvenile court order. Under the CPO, Platz may arrange for standard visitation with Aimee through the visitation center, but can not take Aimee outside of Washington County, Ohio or Wood County, West Virginia during their visits. The court also ordered Platz to cover the remaining court costs associated with the CPO. Finally, the court provided that the CPO will remain in effect for five years, unless it is earlier modified, vacated, or extended by the court.
The parties in this case, both pro se litigants, failed to set forth specific assignments of error or file formal briefs in this appeal. We recognize that the Rules of Appellate Procedure bind even pro se litigants. Meyers v. First Natl.Bank (1981), 3 Ohio App.3d 209, 210. However, to decide cases on their merits and further the interest of justice, we must give pro se litigants wide latitude. Miller v. Kutschbach
(1996), 111 Ohio App.3d 157, 159. Therefore, we treat the list Platz filed and the answer list Stella filed as briefs in this case.
 II.
The first two items on Platz's list involve restrictions number four and five in the CPO, which bar him from coming within one hundred feet of Stella or contacting Stella by telephone or mail. Platz apparently believes that the CPO restricts his rights with regard to both Stella and Aimee. Platz seeks the right to visit and contact Aimee. The third item on Platz's list involves restriction number eight in the CPO, which prohibits Platz from causing or encouraging others to contact Stella. Platz apparently believes that this restriction prohibits his family from contacting Stella's family. Platz seeks to remove all restrictions on the families.
In fact, the CPO names Stella as the only household member protected under it. Therefore, Platz is not restricted from coming within one hundred feet of Aimee or contacting Aimee by telephone or mail. Additionally, the CPO does not prohibit Platz's family from contacting Stella's family, or even from contacting Stella herself. The CPO does not restrict conduct by Platz's family in any way. Rather, the CPO prohibits Platz from causing or encouraging anyone, including his family, to contact Stella at his request.
Though Platz attempted to identify the portions of the record upon which he bases his assignments of error, he failed to do so because he misunderstood the trial court's restrictions. We may disregard an assignment of error if the party raising it fails to identify the error in the record. App.R. 12(A)(2). Platz failed to identify the portion of the record wherein the trial court erred by restricting his visits, telephone, and mail contact with Aimee, because the trial court did not actually so restrict Platz in any portion of the record. Likewise, Platz did not identify the portion of the record restricting the rights of his family to contact Stella's family, because no portion of the record restricts the rights of Platz's family to contact anyone.
Because Platz can not identify any portion of the record where the trial court erred as alleged in the first three items on his list, we decline to address those assignments of error pursuant to App.R. 12(A)(2).
 III.
In the fourth item in Platz's list, Platz challenges Stella's right to full custody of Aimee. In the fifth item on Platz's list, he challenges the trial court's restriction on his right to travel with Aimee.
R.C. 3113.31 empowers the court to temporarily allocate parental rights and responsibilities in order to bring about a cessation of domestic violence in the household, provided no other court has determined or is determining the allocation of parental rights. R.C. 3113.31(E)(1)(d). Where the petition for a CPO is filed with the common pleas court after the juvenile court has determined or has begun determining the allocation of parental rights, the common pleas court is without jurisdiction to modify that allocation. Tischler v. Vahcic (Nov. 16, 1995) Cuyahoga App. No. 65053, unreported; Stanton v. Guerrero
(August 31, 1994), Montgomery App. No. 14407, unreported. The relief requested in such a petition is "readily available through the Juvenile Division, which is authorized in Juv.R. 13 to issue temporary orders 'as the child's interest and welfare may require,' and to do so through ex parte proceedings when necessary." Tischler, supra, quoting Stanton, supra. This restriction on the common pleas court's jurisdiction prevents judge and forum shopping where the juvenile court has previously issued a custody order. Tischler, supra.
The record in this case reflects that Stella and Platz's parental rights and responsibilities regarding Aimee were adjudicated by the Washington County Juvenile Court in case number 97-CV-835. It appears from the trial court's entry that the juvenile court named Stella as the residential parent and legal custodian of Aimee. The trial court stated that Stella should "continue as the residential parent and legal custodian." Thus, we presume that the trial court did not attempt to exercise jurisdiction to alter or modify the juvenile court's allocation of custody.
The record, though unclear, seems to indicate that the juvenile court did not limit Platz's visitation rights by restricting visits with Aimee to Washington County, Ohio and Wood County, West Virginia. The trial court lacked jurisdiction to alter the juvenile court's determination of Platz's visitation rights with Aimee. If Stella wishes to alter Platz's visitation rights, she must seek that relief with the juvenile court. See Tischler, supra. Thus, to the extent that the trial court attempted to alter Platz's parental rights regarding Aimee, it exceeded the bounds of its jurisdiction.
Because the trial court lacked jurisdiction to alter the juvenile court's prior allocation of parental rights and responsibilities, we vacate the CPO to the extent that it purports to reallocate those rights and responsibilities.
 IV.
Platz next challenges the trial court's assessment of "fines" against him. Platz asserts that the "original" order states that Stella must pay all fines.
The record reflects that the trial court did not assess fines against either party in this action. The temporary CPO, presumably the "original" to which Platz refers, contains no reference to fines or court costs. In the CPO, the trial court ordered Platz to pay "all remaining court costs."
Pursuant to Civ.R. 54(D), the trial court, at its discretion, may assess court costs against the non-prevailing party. Additionally, when filing a CPO, the court, at its discretion, may "[g]rant other relief that the court considers equitable and fair." R.C. 3113.31(E)(1)(h). A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
Based upon the limited record before us, we find no indication that the trial court abused its discretion in this case. Because the trial court determined that Stella was entitled to the CPO which she sought, the trial court could, in its discretion, assess court costs against Platz, the non-prevailing party. Thus, the trial court did not abuse its discretion by assessing court costs to Platz.
 V.
In the final two items on his list, Platz challenges the trial court's ability to order that the CPO remain in effect, even if Stella invites him to break it, for five years. Platz asserts that the trial court should not have ordered that the CPO remain in effect for such a lengthy period of time. In addition, Platz asserts that the trial court erred by issuing an order which does not clearly explain how it may be modified.
Pursuant to R.C. 3113.31(E)(3)(a), once the trial court determines that it will issue a CPO, it must select an expiration date for any CPO it issues. The trial court, at its discretion, may select any date not later than five years from the issuance of the CPO. In this case, the trial court held a full hearing at which it determined that Platz had engaged in domestic violence against Stella and that Stella was entitled to the protection of a CPO. The trial court ordered that the CPO remain in force for five years from its date of issuance, as it is authorized to do pursuant to R.C. 3113.31(E)(3)(a). We find no indication in the record that the trial court's judgment was arbitrary or unreasonable. Thus, we find that the trial court did not abuse its discretion by ordering that the CPO remain valid for five years.
Platz points to no statutory provision or rule which requires the trial court to explain the means via which its order may be modified or vacated. R.C. 3113.31(G) provides that proceedings for protection orders are subject to the Rules of Civil Procedure, and that any CPO or consent agreement constitutes a final, appealable order. The procedural rules provide ample guidance regarding such remedies. In short, we find no error in the trial court's holding that the CPO will remain valid, irrespective of Stella's consent, for a period of five years unless it is earlier modified, vacated or extended by order of the court.
 VI.
In conclusion, we find that the trial court did not err by ordering that Platz stay at least one hundred feet away from Stella and refrain from harming, threatening, stalking, contacting, or causing others to harm, threaten, stalk, or contact Stella. Additionally, the trial court did not err by ordering the CPO to continue in effect for five years. However, the trial court exceeded its jurisdiction by modifying Platz's visitation rights from those contained in the earlier juvenile court litigation. Therefore, we vacate the judgment of the trial court to the extent that it modifies Platz's visitation rights with Aimee. In all other respects, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED IN PART AND VACATED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND VACATED IN PART and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.