[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 235.]

THE STATE EX REL. RECKER, APPELLANT, *v.* PUTNAM COUNTY CLERK OF
COURTS ET AL., APPELLEES.

[Cite as *State ex rel. Recker v. Putnam Cty. Clerk of Courts*, 1999-Ohio-37.]

*Prohibition—Writ prohibiting Putnam County Clerk of Courts and Putnam
County Prosecuting Attorney from attempting to collect court costs
against relator—Complaint dismissed when moot.*

(No. 99-1447–Submitted November 3, 1999–Decided November 24, 1999.)

APPEAL from the Court of Appeals for Putnam County, No. 12-99-7.

_____

{¶ 1} In December 1990, the Putnam County Court of Common Pleas convicted appellant, Ronald J. Recker, of felonious sexual penetration and gross sexual imposition and sentenced him to an aggregate prison term of six to twenty-five years. On appeal, the court of appeals affirmed. In 1998, the common pleas court held a hearing upon the state's motion to determine Recker's sex offender status. The common pleas court determined Recker to be a habitual sex offender and subsequently ordered Recker to pay the costs of the proceeding.

{¶ 2} In May 1999, before the common pleas court entered its order for Recker to pay costs, Recker filed a complaint in the court of appeals for a writ of prohibition to prevent appellees, Putnam County Clerk of Courts and Putnam County Prosecuting Attorney, from attempting to collect costs against him without a common pleas court order. Recker's sister, however, subsequently paid the court costs. The court of appeals dismissed Recker's prohibition action based on mootness.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*Ronald J. Recker, pro se*.

*Daniel R. Gerschutz*, Putnam County Prosecuting Attorney, for appellees.

———————————

***Per Curiam.***

{¶ 4} We affirm the judgment of the court of appeals.[1] Recker's prohibition claim was rendered moot by both the payment of the court costs and the common pleas court's entry ordering him to pay costs. See, *e.g., Miller v. Kutschbach* (1996), 111 Ohio App.3d 157, 159, 675 N.E.2d 1277, 1278 ("Any argument that appellant is prejudiced because he cannot pay the court costs of $60.02 before refiling the contempt motion is moot because the record demonstrates that appellant has already paid these costs."). In addition, appellees did not exercise judicial or quasi-judicial authority in attempting to collect costs, and Recker had an adequate legal remedy by appealing the common pleas court's costs order.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

---

1. We deny appellees' motion to dismiss. Appellees claim that Recker's appeal is moot because Recker's sister paid his court costs. Recker's appeal, however, challenges the court of appeals' dismissal of his prohibition action based on mootness, *i.e.*, he contends that his sister's payment of court costs did not render his prohibition action moot. Consequently, we must address the merits of this claim. See, *e.g., Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 93-94, where we considered the merits of an appellant's claim that the court of appeals improperly dismissed as moot his habeas corpus petition.