THE STATE EX REL. RECKER, APPELLANT, *v.* PUTNAM
COUNTY CLERK OF COURTS ET AL., APPELLEES.

[Cite as *State ex rel. Recker v. Putnam Cty. Clerk
of Courts* (1999), 87 Ohio St.3d 235.]

(No. 99–1447—Submitted November 3, 1999—Decided November 24, 1999.)

*Ronald J. Recker, pro se.*

*Daniel R. Gerschutz,* Putnam County Prosecuting Attorney, for appellees.

---

**Per Curiam.** We affirm the judgment of the court of appeals.[1] Recker's prohibition claim was rendered moot by both the payment of the court costs and

---

1. We deny appellees' motion to dismiss. Appellees claim that Recker's appeal is moot because Recker's sister paid his court costs. Recker's appeal, however, challenges the court of appeals'

the. common pleas court's entry ordering him to pay costs. See, *e.g.*, *Miller v. Kutschbach* (1996), 111 Ohio App.3d 157, 159, 675 N.E.2d 1277, 1278 ("Any argument that appellant is prejudiced because he cannot pay the court costs of $60.02 before refiling the contempt motion is moot because the record demonstrates that appellant has already paid these costs."). In addition, appellees did not exercise judicial or quasi-judicial authority in attempting to collect costs, and Recker had an adequate legal remedy by appealing the common pleas court's costs order.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

dismissal of his prohibition action based on mootness, *i.e.*, he contends that his sister's payment of court costs did not render his prohibition action moot. Consequently, we must address the merits of this claim. See, *e.g.*, *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio· St.3d 470, 472, 597 N.E.2d 92, 93–94, where we considered the merits of an appellant's claim that the court of appeals improperly dismissed as moot his habeas corpus petition.