Decision and Judgment Entry
Pro se appellant, David E. Lewis, appeals from the judgment of the Probate Division of the Lawrence County Court of Common Pleas (1) approving an amended inventory filed by the executor of the estate of Joseph F. Lewis, and (2) deciding numerous motions. Appellant challenges two judgment entries. The first, journalized October 5, 2000, reflects a hearing held July 20, 2000. The second entry, journalized October 26, 2000, relates to a hearing concluded October 5, 2000.
Joseph F. Lewis, a resident of Lawrence County, died testate on October 2, 1999. Under alternate provisions of his will[1], dated December 8, 1978, all property owned by him at the time of his death passed per capita to his three children, Joseph H. Lewis, Esther D. Smith and David E. Lewis in equal shares.
Pursuant to provisions of the will, Joseph H. Lewis was appointed executor by the probate court. In that capacity, he filed on June 8, 2000, an inventory and appraisal, including a schedule of assets, and on June 20, 2000, he filed an amended inventory.
Appellant filed a number of motions objecting to the appointment of Joseph H. Lewis as executor, and taking exception to the inventory. The hearing on those motions and the amended inventory was scheduled on July 20, 2000.
Before any witnesses were sworn on July 20, appellant, the executor, Esther Smith and the attorney for the estate advised the court they had reached an agreement on all then-pending issues, including appellant's agreement not to pursue his motions. Counsel for the estate detailed to the court the terms of their agreement, including acceptance of the amended inventory and provision for distribution of assets among the beneficiaries.
The probate court asked appellant and Esther Smith if the attorney's recitation was what each understood the agreement to be. Both answered affirmatively. The court also exercised care to assure that their withdrawal of pending motions was voluntary.
Directing the attorney for the estate to prepare an entry to be circulated among the parties for approval, the court stated:
 "It's critical that you understand that what he's expressed that each of you have agreed to is what I am adopting as the court orders and the resolution of today's case. (T)his entry is going to reflect what we all agreed to but if it comes down to an issue of memories not being the same, we simply go to the court record because it's been recorded. If you all change your mind as to what this agreement says it's to (sic) late it's not a second bite of the apple from any direction" (transcript of July 20, 2000 proceedings, p. 16-17).
The court summarized the disposition of each pending motion and added:
 "Mr. Bentley if you could prepare an entry. We will review that and if for some reason signatures cannot be provided it will be reviewed in comparison to the court record and could be signed without signatures. But our preference would be that it be given opportunity for your review and signature" (transcript of July 20, 2000 proceedings, p. 20).
Following the hearing, the executor moved for approval of his application to pay attorney's fees. Appellant responded with a new series of filings that became subject of a hearing scheduled October 5, 2000. Many of these new motions repeated requests for relief, arguments and accusations appellant first made prior to the July 20 hearing but withdrew as part of the agreement concluding that hearing.
During the October 5 hearing, the court first addressed approval of the proposed judgment entry reflecting the July 20 proceedings among the parties. In overruling appellant's objections to the entry, the court found an enforceable agreement was reached among the parties on July 20. The court also found the entry before it accurately reflected the July 20 proceedings. The court signed the entry and directed that it be journalized and served (transcript of October 5, 2000 proceedings, p. 10).
The court then considered the other pending motions, expressing a desire to resolve as many as possible through open discussion:
 (1) After discussion, the court instructed the attorney for the estate to supply confirmation clarifying insurance coverage, and to maintain insurance coverage and utilities in order to protect the property until the transfer is accomplished.
 (2) In response to appellant's request for an order requiring the executor to produce all cancelled checks written on estate funds, the court accepted the executor's production of cancelled checks and his explanation for missing ones, but directed the attorney for the estate to provide copies of missing checks within forty-five days.
 (3) The court overruled as premature appellant's objections to expenses and payment of executor's commissions after determining that an accounting, required nine months after appointment of the fiduciary by R.C. 2109.30, was not due and had not been filed. Similarly, approval of attorney's fees was deferred.
 (4) The court also overruled appellant's motion to have real property he was to receive as a result of the proceedings placed in his wife's name under his power of attorney, and appellant's motion for an order that rings to be purchased by him should be delivered to his wife.
 (5) The court overruled appellant's motion for discovery regarding assets appellant alleged once belonged to decedent and his deceased wife during their lifetimes. The court found appellant's motion premature because the issue had not been correctly presented pursuant to the civil rules relating to discovery. The court nonetheless found the executor had substantially complied with appellant's demand for discovery.
 (6) The probate court found appellant's complaint under R.C. 2109.50, seeking to compel the executor to be examined concerning concealed or embezzled estate assets, was insufficient to state a claim, and proper service of that complaint had been neither requested nor obtained in accordance with rule. The court emphasized it was striking the complaint on procedural grounds, not on the merits, and appellant could file and serve a properly pleaded complaint, if he so chose.
The court then heard testimony concerning two issues: (1) appellant's motion for rehearing of the inventory under Civ.R. 60(B)(3) and 60(B)(5), alleging fraud and concealment of assets by the executor, newly discovered evidence, and omitted items, and (2) appellant's challenge to the executor's distribution of cash to family members, including appellant's own immediate family, following the decedent's funeral
The court took the issues under advisement. On October 26, 2000 the probate court signed and journalized its judgment concerning the October 5 hearing, overruling appellant's Civ.R. 60(B) motion and appellant's challenge to the cash distribution.
Appellant filed his notice of appeal the next day referring only to the October 5 judgment entry. Nonetheless, his brief assigns error and presents arguments relating to both the October 5 and October 26 judgments. The notice of appeal fully complies with neither App.R. 3 (D) nor Loc. App.R. 1, requiring an appellant to designate the judgment, order or part thereof appealed from and to attach a copy of the judgment or order. The Rules of Appellate Procedure are binding upon all parties, including pro se litigants. Meyers v. First Natl. Bank (Hamilton App., 1981), 3 Ohio App.3d 209, 210. Still, to decide cases on their merits, further the interests of justice, and give self-represented parties their day in court, this court has afforded pro se litigants wide latitude procedurally. Miller v. Kutschbach (Ross App., 1996), 111 Ohio App.3d 157,159. Accordingly, "we will review the trial court's judgments for the errors raised in the body of appellant's `brief'." Conley v. Willis (June 14, 2001), 2001 Ohio App. LEXIS, Scioto App. No. 00CA2746, unreported, at 4.
On appeal, appellant assigns the following errors:
"FIRST ASSIGNMENT OF ERROR:
 The Judge of the Probate Court abused his discretion by signing two judgment Entries submitted to the Court by estate Counsel Richard Bentley.
SECOND ASSIGNMENT OF ERROR:
 The estate Counsel Richard Bentley has prejudiced the herein heirs as his actions deliberately prejudiced the heirs (sic) case by filing false judgment entries and trying to cover up his illegal acts against the estate.
THIRD ASSIGNMENT OF ERROR:
 The Probate Judge abused his discretion by stating the executor has complied with discovery.
FOURTH ASSIGNMENT OF ERROR:
 The Probate Judge abused his discretion by not allowing the Plaintiff's wife who has full power of attorney to receive property and rings from the estate."
Following the October 5, 2000 hearing, but prior to filing his notice of appeal, appellant presented sixteen more documents to the probate court. The only documents properly before this court are those in the record prior to the hearing upon which the October 26 judgment entry was based. See, Ohio Department of Natural Resources v. Hughes (November 30, 2000), 2000 Ohio App. LEXIS 5559, Erie App. No. E-00-002, unreported, at 15; and Pitts v. Ohio Department of Transportation (1981),67 Ohio St.2d 378, ¶ 1, syllabus. In his briefs before this court, appellant refers to some of these documents and requests relief beyond the scope of the probate court proceedings under review. We do not consider those references and requests in deciding this appeal. Appellant has also appended certain documents, including affidavits, to his reply brief. We cannot consider evidentiary materials outside the record. ResidentialEstate Condo Association v. Slabochova (March 28, 2001), 2001 Ohio App. LEXIS 1536, Mahoning App. No. 99-C.A.-126, unreported, at 7; and Hughes,supra at 15.
Appellant's first assignment of error asserts the probate court abused its discretion by signing the judgment entries in question. Specifically, appellant contends the entries are not supported by the record and are false.
The October 5 judgment entry memorializes an agreement among the parties, made in the presence of the probate court, and included the record of proceedings on July 20, 2000. The parties acknowledged they reached an agreement.
When the parties to an action voluntarily enter into a settlement agreement in the presence of the trial court, the agreement is a binding contract and it may be enforced. Carper Well Service, Inc. v. PeoplesPetroleum Corp. (November 28, 2000), 2000 Ohio App. LEXIS 6325, Washington App. No. 00CA03, unreported, at 3. The trial court has the authority to immediately enter a judgment that reflects an agreement read into the record in open court. Jackson v. Bellomy (March 30, 2000), 2000 Ohio App. LEXIS 1296, Franklin App. No. 99AP-691, unreported, at 15-16. It may do so even if one or more of the parties to the agreement refuses to approve the entry. Id.
Here, the probate court exercised care on July 20, 2000 to assure that appellant and his sister not only understood and concurred with terms of agreement recited, but also that they voluntarily withdrew their previous motions. The court likewise explained its reasons for deferring consideration of such undecided matters not part of the agreement, such as approval of attorneys' fees. Finally, the probate court made clear to the parties that their agreement, having been made part of the record, would be binding. It correctly stated that the court could adopt the entry as its judgment if, after comparing the content with the transcript, it found the entry to reflect the terms of the agreement read into the record. The court also disclosed, consistent with case law, its intent to sign and journalize the entry whether or not all parties should signify their approval by signing the document.
The probate court correctly adopted the agreement among the parties, accurately reflected by the judgment entry of October 5, 2000, as its final judgment. The court properly approved the amended inventory filed June 20, 2000, and supplemented by a listing of household items accepted into evidence without objection during the hearing of July 20.
The court also addressed other matters in its October 26, 2000 entry that appear to be the subject of appellant's first assignment of error. Specifically, the probate court correctly found appellant's objection to expenses and to commissions to be untimely. An accounting, under R.C.2109.30, must be filed within nine months of the appointment of the executor. No accounting of expenses was due prior to the October 5, 2000 hearing and the executor had not applied for payment of any commissions. See R.C. 2113.35 (authorizing payment of commissions to the executor of an estate as compensation for services only after the executor has accounted for property received and disbursed on behalf of the estate). Moreover, the court's decision to defer the approval of attorney's fees is one that is entirely within its province to manage the case schedule.In Re Estate of Daily (Nov. 1, 1999), 1999 Ohio App. Lexis 5118, Madison App. No. CA99-03-011, unreported at 4.
Further, in granting the motion of appellee to strike the complaint by appellant pursuant to R.C. 2109.50, the probate court found "that the pleading is not properly filed nor was service properly obtained" (judgment entry of October 26, 2000, p. 7). An action based on R.C. 2109.50et seq. is a special proceeding that enables interested parties to recover concealed, embezzled and conveyed assets of an estate for purposes of administration. In re Estate of Clapsaddle (Washington App., 1992), 79 Ohio App.3d 747, 754. Wrongful or culpable conduct must be alleged and proved as an element. Kaforey v. Burge (May 10, 1995), 1995 Ohio App. LEXIS 2030, Summit App. No. 17050, unreported, at 6, citingUkrainiec v. Batz (Summit App. No. 1982), 24 Ohio App.3d 200, 202.
Appellant averred in statutory language that Joseph H. Lewis should be brought before the court to testify under oath as to what happened to assets listed in an attachment to the complaint. The complaint implies, but it does not allege, the elements. The court properly found the allegations of appellant's complaint failed to state a claim under R.C.2109.50, et seq.
Moreover, the court correctly found the complaint was not properly served. A copy of the complaint was mailed to the attorney for the estate, but nothing in the record indicates it was served on the executor himself. As a result, appellant's requested service did not comply with Civ.R. 4 through 4.6, as made applicable in probate court proceedings by Civ.R. 73(C).
The court's judgment entry also disposed of (1)appellant's Civ.R. 60(B) motion relating to allegedly missing items and (2)his motion challenging the cash distributions following the decedent's funeral.
When reviewing evidence presented to the trial court we defer to the findings of the trial judge who is best able weigh credibility by viewing the witnesses and observing their demeanor. Seasons Coal Company v.Cleveland (1984), 10 Ohio St.3d 77, 80. We do not reweigh evidence.Clapsaddle, supra, at 755. Judgments supported by some competent, credible evidence going to all the essential elements will not be reversed as being against the manifest weight of the evidence. C.E.Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279,280.
Appellant had the opportunity to present proof that some or all of the items he alleged to be missing from the inventory were owned by decedent at the time of his death and were, therefore, assets of the estate. The testimony offered, however, was limited to just a few items of property and was not specific as to time. The testimony of appellant's witnesses relating to the distribution of cash gifts corroborates the testimony of the executor that during the decedent's lifetime the decedent relinquished control over the cash with instructions to pass it out to family members as Christmas gifts according to the formula dictated by the decedent.
Given the evidence presented, the probate court properly ruled that appellant failed to sustain his burden to show that the inventory should be reheard or that additional items listed should be included in the estate inventory. Relative to appellant's objection to the cash distribution, the now executor claiming an inter vivos transfer, carried his burden of proving that the money was not part of the estate. See InRe Estate of Tonti (April 10, 1975), 1975 Ohio App. LEXIS 7401, Franklin App. No. 74AP-549, unreported, at 5. Appellant's first assignment of error is overruled.
Appellant's second assignment of error consists entirely of personal accusations against the attorney for the estate, and criticizes his handling of estate matters. We will not attempt to construct for appellant, from his arguments, an assignment of error that is proper for us to consider. Conley, supra at 4, quoting State ex re. Karmasu v. Tate
(Scioto App. 1992), 83 Ohio App.3d 199, 206. Similarly, we will not consider claims that were not squarely presented to the court below. Appellant's second assignment of error is overruled.
Appellant's third assignment of error asks us to review discovery rulings by the probate court. Appellant requested discoverable information, but he followed none of the procedural guidelines set forth in Civ.R. 33 and Civ.R. 34, relating to interrogatories and production of documents. Nor did he comply with Civ.R. 37(E) before filing his motion. Accordingly, the probate court did not issue any discovery orders.
Nonetheless, the executor provided responses to the discovery demands of appellant. Moreover, despite the procedural deficiencies in appellant's request, the probate court attempted to assure that appellant received pertinent information regarding insurance and utilities, bank records and items of personal property. The court, however, properly declined to consider appellant's motion any more than a demand for discovery that did not warrant any discovery order. To do otherwise would have been premature procedurally. Accordingly, the third assignment of error is overruled.
The fourth assignment of error challenges the probate court's refusal to require the executor to transfer that property to his attorney in fact, Lynda Lewis.
The court specifically found Lynda Lewis is not a beneficiary and overruled the motions because the agreed distribution to David Lewis is to be made to him as a beneficiary. One of the most fundamental tenets for construing a will mandates the intent of the testator be ascertained and followed. In Re Estate of David S. Lewis v. Lewis (July 23, 1999), Ohio App. Lexis 3574, Athens App. No. 98CA-17, unreported at 5-6. Nothing in the will or the record indicates that the decedent intended any property to pass to the designee of a named beneficiary instead of directly to that beneficiary. Furthermore, R.C. 1337.01, et seq., relating to powers of attorney, neither requires nor permits the executor to convey any interest in real or personal property from the estate to a beneficiary by transferring the beneficiary's interest to his or her attorney in fact. Appellant's fourth assignment of error lacks merit and is overruled.
Having overruled appellant's four assignments of error, we affirm the judgment of the Probate Division of the Lawrence County Court of Common Pleas.
[1] Because the decedent's wife died during 1997, the alternative provisions of the will as to both distribution and the appointment of the fiduciary became applicable.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate Division, for further proceedings consistent herein.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
BOWMAN, BRYANT TYACK, concur.