DECISION AND JUDGMENT ENTRY
{¶ 1} James E. Neace appeals the final divorce decree entered by the Scioto County Court of Common Pleas, Domestic Relations Division. Mr. Neace contends that he missed the final hearing because the trial court failed to give him proper notice of the date for the hearing, and that the court deprived him of his right to cross-examination by conducting the hearing in his absence. Because the court should give pro se litigants wide latitude, and because the record does not clearly reflect the date set for the hearing after Mr. Neace's continuance of the July 19, 2001 hearing, we agree. Accordingly, we reverse the judgment of the trial court.
 I. {¶ 2} In 2000, Mr. Neace filed a complaint for divorce against Mrs. Neace. The case first came before the court for trial on November 15, 2000. Mr. Neace, through counsel, presented evidence and rested his case, but reserved a right to present rebuttal witnesses. Mrs. Neace was unable to complete her presentation of evidence, and the case was continued.
 {¶ 3} Eventually, the case was scheduled for trial on April 17, 2001. However, on that day, the court granted Mr. Neace's counsel's motion to withdraw from representation of Mr. Neace.
 {¶ 4} On April 19, 2001, the court issued a "Notice of Hearing," which stated:
 {¶ 5} "The above captioned case has been set before the Honorable Judge David E. Spears, * * * on 07/19/01, at 9:00 AM. Second CaseScheduled
 {¶ 6} (09/18/01 at 9:00 1st case, if necessary)"
 {¶ 7} Additionally, on April 19, 2001, the court filed an "Entry Resetting Hearing," which stated:
 {¶ 8} "Upon motion, for good cause shown the hearing scheduled for April 17, 2001 at 9:00 a.m. is hereby reset to the 19 day of July, 2001 at 9:00 a.m. to 4:30 p.m.
 {¶ 9} "So ordered."
 {¶ 10} The date and times on the Entry Resetting Hearing were written in by hand. The entry also includes a handwritten notation, "2nd case," below the words "19 day of July." Finally, below the phrase "So ordered," the entry contains a handwritten notation stating "9-18-01 1st Case @ 9:00 if necessary."
 {¶ 11} The record reflects that Mr. Neace received service of both the notice and the entry. On July 18, 2001, Mr. Neace filed a motion for a continuance in which he informed the court that "due to health problems," he had to attend a medical appointment on July nineteenth, and that he would be having surgery on July twenty-seventh. Mr. Neace apologized for the short notice. He also asked the court to "Please notify when it is convenient for you. My address is: * * *." Mr. Neace included his telephone number alongside his address.
 {¶ 12} The trial court did not put on an entry granting or denying Mr. Neace's request for a continuance, and the record contains no indication that the court contacted him. However, the court held trial on the case on September 18, 2001. The next entry in the record is the trial court's decision, wherein the court found that Mr. Neace had received notice of the trial and failed to appear. The court proceeded to hear the testimony offered by Mrs. Neace, then divided the parties' assets and debts without giving Mr. Neace an opportunity for cross-examination or hearing Mr. Neace's rebuttal evidence.
 {¶ 13} Mr. Neace appeals, asserting that the trial court erred in finding that he received proper notice of the trial date and in proceeding with the trial in Mr. Neace's absence. Mr. Neace contends that the trial court's actions deprived him of his constitutional right to cross-examine witnesses, and that Mrs. Neace perjured herself when she testified on September 18, 2001.
 II. {¶ 14} Mr. Neace contends that the trial court did not provide him with proper notice of the September 18, 2001 trial date. Pursuant to Civ.R. 75(L), "In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial." The purpose of this provision specific to unrepresented parties is "to give notice so that a party will not be divorced without knowing the time of the actual hearing." Staff Note to Civ.R. 75.
 {¶ 15} Due process of law requires that every party to an action be afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." Ohio Valley Radiology Assoc., Inc. v. OhioValley Hosp. Assn. (1986), 28 Ohio St.3d 118, 125. "The issue of what constitutes reasonable notice is left for a case-by-case analysis."Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenberg (1993),90 Ohio App.3d 436, 443. In general, the notice meets due process requirements as long as it is "reasonably calculated to give actual notice." Mitchell v. Mitchell (1980), 64 Ohio St.2d 49, paragraph two of the syllabus. A properly noticed party to a trial has a duty to exercise reasonable diligence to inform himself of the dates of subsequent continuances of the trial. In re Phillip F. (Cal. 2000),92 Cal.Rptr.2d 693; Hirsch v. Muldowney (Fla.App. 1985), 470 So.2d 766;Parker v. Dingman (Cal.App. 1925), 122 Cal.Rptr. 309.
 {¶ 16} We recognize that the same Rules of Civil Procedure that apply to litigants with counsel bind even pro se litigants. Meyers v.First Natl. Bank (1981), 3 Ohio App.3d 209, 210. However, to decide cases on their merits and further the interest of justice, we must give pro se litigants wide latitude, particularly with regard to formal requirements. Miller v. Kutschbach (1996), 111 Ohio App.3d 157, 159, fn. 3. "To be sure, this court has firmly rejected all notions that pro se
litigants be held to the same standard as attorneys during trial court proceedings." Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206, citingWright v. Miller (Mar. 8, 1991), Highland App. No. 752. See, also, In rePaxson (July 1, 1992), Scioto App. No. 91CA2008 (holding that the courtmust afford considerable latitude to pro se actions brought by prisoners).
 {¶ 17} In this case, the notice for the trial date of July 19, 2001 mentioned the September 18, 2001 date only parenthetically. Likewise, the entry setting the trial date listed only a handwritten abbreviation for the September date after the words "so ordered," as an apparent afterthought. Neither used a complete sentence to explain the significance of the September 18, 2001 date, but instead simply read "if necessary." Mr. Neace's motion for a continuance clearly indicated that he did not objectively understand the significance of the September 18, 2001 date. If he had understood, he would not have asked the court to "please notify" him of the date that would be convenient for the court to reschedule the trial.
 {¶ 18} Civ.R. 75(L) gives courts extra responsibility to assist parties to divorce proceedings who are unrepresented by counsel. The purpose of Civ.R. 75(L), to prevent divorce trials from going forward without a party actually knowing the time and date of the hearing, was not served in this case. If Mr. Neace had been represented by counsel, we would find that his counsel had a duty to exercise reasonable diligence to clarify the notice and entry with the court or follow up on the motion for a continuance to ascertain the new trial date. However, for a lay person it seems patently reasonable that he or she would expect a response if, upon his or her last contact with another, he or she provides contact information and asks for a letter or telephone call rescheduling a meeting. In evaluating reasonable notice on a case-by-case basis, the notice in this case was not reasonably calculated to give Mr. Neace actual notice of the trial date. Given the leniency we must afford pro se litigants and the interests of justice to be served by permitting Mr. Neace to have the opportunity to cross-examine and present rebuttal evidence, we find that the trial court abused its discretion in proceeding with the trial and entering judgment in Mr. Neace's absence.
 {¶ 19} Accordingly, we reverse the judgment of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Dissents.
Abele, J.: Concurs in Judgment and Opinion with Opinion.