[Cite as *Hutton v. Corrigan*, 2012-Ohio-2071.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97907**

## PERCY HUTTON

RELATOR

vs.

## JUDGE PETER J. CORRIGAN

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus /Procedendo
Motion No. 452843
Order No. 454717

**RELEASE DATE:**    May 9, 2012

**RELATOR**

Percy Hutton, Pro Se
Ohio State Penitentiary #195-620
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

**ATTORNEY    FOR RESPONDENT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: James E. Moss, Esq.
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

Percy Hutton has filed a complaint for a writ of mandamus/procedendo. Hutton seeks an order from this court, which requires Judge Peter J. Corrigan re-issue sentencing journal entries in the following three separate criminal actions: *State v. Hutton*, Cuyahoga Cty. Court of Common Pleas Case Nos. CR-72-5117, CR-77-33239, and CR-85-203416. In addition, Hutton seeks and order from this court which prevents the Cuyahoga Cty. Clerk of Courts, the Ohio State Penitentiary Cashier's Office , or any other governmental institution, from collecting any monetary funds for the payment of costs. For the following reasons, we grant summary judgment on behalf of Judge Peter J. Corrigan.

Initially, we find that Hutton's complaint is procedurally defective. A complaint for an original action must be brought in the name of the state of Ohio, on relation of the person applying for the writ. Herein, Hutton has failed to properly caption his complaint. The failure of Hutton to properly caption his complaint warrants dismissal. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *Maloney v. Court of Common Pleas of Allen Cty*, 173 Ohio St. 181 N.E.2d 270, (1962).

Hutton has also failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint must be supported by an affidavit that specifies the details of his claim. The failure of Hutton to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires dismissal of his complaint. *State ex rel. Leon v Cuyahoga Cty.*

*Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 414 N.E.2d 402; *State ex rel. Austin v. McFaul*, 8th Dist. No. 89962, 2007 WL 2327109 (Aug. 15, 2007). In addition, Hutton has failed to comply with R.C. 2969.25(A), which requires the attachment of an affidavit to the complaint for a writ of mandamus/procedendo that describes each civil action or appeal filed within the previous five years in any state or federal court. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.

Hutton, has failed to establish that he is entitled to a writ of mandamus/procedendo with regard to either of his two claims. The sentencing journal entries, as imposed in Cuyahoga County Court of Common Pleas Case Nos. CR-72-5117, CR-77-33239, and CR-85-203416, fully comply with the holding of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. *Accord State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192; *State ex rel. Galloway v. Lucas Cty. Court of Common Pleas*, 130 Ohio St.3d 206, 2011-Ohio-5259, 957 N.E.2d 11; *State ex rel. Barr v. Sutula*, 126 Ohio St.3d 193, 2010-Ohio-3213, 931 N.E.2d 1078. The sentencing journal entries fully comply with Crim.R. 32(C) because each entry sets forth (1) the guilty plea, the jury verdict or the finding of the court upon which the conviction was based; (2) the sentence; (3) the signature of the judge; and (4) entry upon the journal by the clerk of court. Mandamus/procedendo does not lie under the facts as presented by Hutton. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio

St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

Finally, an original action may not be employed to prevent the collection of any court costs as imposed by the sentencing trial court. Hutton possesses or possessed an adequate remedy at law through a direct appeal. *State ex rel. Whittengerger v. Clarke*, 89 Ohio St.3d 207, 2000-Ohio-136, 729 N.E.2d 756; *State ex rel. Recker v. Putnam Cty Clerk of Courts*, 87 Ohio St.3d 235, 1999-Ohio-37, 718 N.E.2d 1290; *Hutton v. McMonagle*, 8th Dist. No. 78821, 2001 WL 664139, (June 7, 2001).

Accordingly, we grant Judge Peter J. Corrigan's motion for summary judgment. Hutton to pay costs. The court directs the clerk of court to serve

notice of this judgment and its date of entry upon all parties as required by Civ.R. 58(B).

Writ denied.

---

JAMES J. SWEENEY, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR