THE STATE EX REL. SNEED, APPELLANT, *v.* ANDERSON, WARDEN, APPELLEE.

[Cite as *State ex rel. Sneed v. Anderson,*
114 Ohio St.3d 11, 2007-Ohio-2454.]

(No. 2007–0081—Submitted May 2, 2007—Decided June 6, 2007.)

Per Curiam.

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petition failed to state a facially valid claim, we affirm.

{¶ 2} In 1997, appellant, Michael Sneed, pleaded guilty to two counts of aggravated vehicular homicide, five counts of aggravated vehicular assault, and one count of driving under the influence, and was sentenced to an aggregate prison term of 15 1/2 years. Sneed subsequently filed various postconviction motions, including a motion for leave to file a delayed appeal, a petition for postconviction relief, and several motions to withdraw his guilty plea, which were denied. See, e.g., *State v. Sneed,* Cuyahoga App. No. 84964, 2005-Ohio-1865, 2005 WL 926993; *State v. Sneed,* Cuyahoga App. No. 80902, 2002-Ohio-6502, 2002 WL 31667630; *State v. Sneed* (Sept. 30, 1999), Cuyahoga App. No. 76250, 1999 WL 777765.

{¶ 3} In November 2006, Sneed filed a petition in the Court of Appeals for Lorain County for a writ of habeas corpus to compel appellee, Warden Carl Anderson of the Grafton Correctional Institution, to immediately release him from prison. Sneed claimed that his trial court had disregarded statutory sentencing requirements and had failed to notify him of his right to appeal. The warden filed a motion to dismiss the petition. The court of appeals dismissed Sneed's petition.

{¶ 4} In his appeal as of right, Sneed asserts that the court of appeals erred in applying the Rules of Civil Procedure to his petition for a writ of habeas corpus.

{¶ 5} Sneed is correct that " 'R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.' " *Waites v. Gansheimer,* 110

Ohio St.3d 250, 2006-Ohio-4358, 852 N.E.2d 1204, ¶ 8, quoting *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763. "First, application is by petition that contains certain information. R.C. 2725.04. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 609, 653 N.E.2d 659.

{¶ 6} Notwithstanding Sneed's assertions to the contrary, there is no evidence that the court of appeals failed to comply with these requirements. The court of appeals' judgment was proper for the following reasons.

{¶ 7} First, "[w]e have consistently held that sentencing errors are not jurisdictional and are not cognizable in habeas corpus." *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, and cases cited therein. Sneed "has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error." *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5; see, also, *Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, 835 N.E.2d 34, ¶ 9.

{¶ 8} Second, insofar as Sneed claims that he was not advised of his right to appeal the trial court's sentencing judgment, he had an adequate remedy by delayed appeal and motion to vacate the judgment to raise his claim. See, e.g., *State ex rel. Bennett v. White* (2001), 93 Ohio St.3d 583, 584, 757 N.E.2d 364 (inmate's claim that he could not appeal from sentencing judgment because he did not receive notice of it is not cognizable in extraordinary-writ action).

{¶ 9} Finally, res judicata barred Sneed from raising his claims, which he had previously raised in his postconviction litigation. See *Haynes v. Voorhies*, 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 6. Nor does the fact that Sneed had already unsuccessfully invoked some of his alternate remedies at the time he filed his petition for a writ of habeas corpus entitle him to the requested extraordinary relief. *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 703 N.E.2d 1249.

{¶ 10} Based on the foregoing, the court of appeals properly dismissed Sneed's petition for a writ of habeas corpus. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

———————

Michael Sneed, pro se.

Marc Dann, Attorney General, and Steven H. Eckstein, Assistant Attorney General, for appellee.