OPINION *Page 2 
{¶ 1} Petitioner has filed a Petition for Writ of Habeas Corpus claiming he is being unlawfully held due to the failure of the Supreme Court to render a judgment entry which comported with the requirement's of Crim.R. 32(C), when his death sentence was converted to a life sentence.[1]
 {¶ 2} On March 5, 1976, Petitioner was convicted of aggravated murder, kidnapping and rape in the Cuyahoga County Common Pleas Court. Initially, Petitioner was sentenced to death for the aggravated murder and terms of seven to twenty-five years on each of the other two counts. The kidnapping and rape sentences were ordered to be served consecutive to each other. In 1978, the Supreme Court reduced Petitioner's death sentence to a life sentence. Petitioner filed a Petition for Writ of Habeas Corpus in this Court in September, 1998 alleging he was being unlawfully held because he had not been transported to the Common Pleas Court for resentencing when the death sentence was vacated. This Court dismissed the petition based upon Petitioner's failure to attach his pertinent commitment papers. The Supreme Court affirmed the dismissal.
 {¶ 3} A Petitioner is entitled to a writ of mandamus if the following conditions are satisfied: (1) the relator demonstrates a clear legal right to the relief prayed for; (2) the respondent is under a corresponding legal duty to perform the actions that make up the prayer for relief; and, (3) the relator has no plain and adequate remedy in the ordinary course of law. Doss Petroleum, Inc. v. Columbiana Cty. Bd. ofElections, *Page 3 164 Ohio App.3d 255, 2005-Ohio-5633, 842 N.E.2d 66, citing to State ex rel.Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29, 451 N.E.2d 225.
 {¶ 4} Respondent has filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. Respondent urges relief may not be granted for several reasons. First, Respondent argues Petitioner cannot avail himself of successive habeas corpus petitions where the issue in the subsequent petition could have been raised in the previous petition. Respondent also suggests habeas corpus is not available to any petitioner who is being held on another valid sentence. Finally, Respondent avers Petitioner has or had an adequate remedy at law by way of direct appeal from the entry converting his death sentence to life.
 {¶ 5} The Supreme Court has addressed the propriety of a 12(B)(6) motion in a habeas action, "`R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.'" Waites v.Gansheimer, 110 *12 Ohio St.3d 250, 2006-Ohio-4358, 852 N.E.2d 1204, ¶ 8, quoting Chari v. Vore (2001), 91 Ohio St.3d 323, 327,744 N.E.2d 763. "First, application is by petition that contains certain information. R.C. 2725.04. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." Pegan v. Crawmer (1995), 73 Ohio St.3d 607, 609,653 N.E.2d 659. State ex rel. Sneed v. Anderson (2007),114 Ohio St.3d 11, *11-12, 866 N.E.2d 1084,**1085.
 {¶ 6} We now turn to the specific contentions relating to Petitioner's failure to state a claim upon which relief may be granted. *Page 4 
 {¶ 7} Petitioner filed his first petition with this Court in 1998. He has now filed a second, successive petition, which in effect challenged the same 1978 order but on a different basis. Petitioner could have raised the issue regarding the alleged lack of compliance with Crim.R. 32 in his first petition. The Ohio Supreme Court has repeatedly held the doctrine of res judicata bars the filing of the successive habeas corpus petitions if the claim could have been raised in the earlier petition, see, e.g., State ex rel. Johnson v. Ohio Department of Rehabilitations Corrections, 95 Ohio St.3d 70, 765 N.E.2d 356, 2002-Ohio-1629.Palmer v. Wilson, 2005 WL 1125336, *2 (Ohio App. 5 Dist.).
 {¶ 8} In addition to the life sentence for aggravated murder, Petitioner is currently being held on two sentences of seven to twenty-five years to be served consecutive to one another. Petitioner has been incarcerated since November, 1975 which means he has served approximately 32 years of a potential fifty-year sentence on the kidnapping and rape counts. Even assuming arguendo the sentencing court did not properly sentence Petitioner on the aggravated murder charge, there is no allegation the sentences on the rape and kidnapping charges are invalid. The Supreme Court has held, "`Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus.'" Marshall v. Lazaroff (1997),77 Ohio St.3d 443, 444, 674 N.E.2d 1378, quoting Swiger v. Seidner (1996),74 Ohio St.3d 685, 687, 660 N.E.2d 1214. Because Petitioner is still serving his sentence on the rape and kidnapping counts, he cannot seek release by way of a petition for writ of habeas corpus. *Page 5 
 {¶ 9} Finally, we find Petitioner has or had an adequate remedy at law and in light of this fact; this type of sentencing error cannot be raised in a petition for a writ of habeas corpus. The Supreme Court has also addressed this issue stating, "We have consistently held that sentencing errors are not jurisdictional and are not cognizable in habeas corpus." Majoros v. Collins (1992), 64 Ohio St.3d 442, 443,596 N.E.2d 1038, and cases cited therein. See also State ex rel. Jaffa/ v.Calabrese, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5; see, also, Jimison v. Wilson, 106 Ohio St.3d 342, 2005-Ohio-5143,835 N.E.2d 34, ¶ 9. State ex rel. Sneed v. Anderson (2007), 114 Ohio St.3d 11, *12,866 N.E.2d 1084, **1085 ([Petitioner] "has or had adequate remedies in the ordinary course of law, e.g., appeal and post-conviction relief, for review of any alleged sentencing error.").
 {¶ 10} Based upon the foregoing, Respondent's Motion to Dismiss is granted, and the Petition for Writ of Habeas Corpus is denied.
 {¶ 11} WRIT DENIED.
 By: Farmer, J., Hoffman, P.J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Writ of Habeas Corpus is hereby denied.
Costs taxed to Petitioner.
[1] We must note, the Supreme Court has already advised Petitioner the Rules of Criminal Procedure do not apply to cases on appeal. SeeJohnson v. Mitchell (1999), 85 Ohio St.3d 124. Petitioner's sentence was reduced in response to an appeal to the United States Supreme Court. SeeLockett v. Ohio (1978), 438 U.S. 586. *Page 1