[Cite as *McGrath v. McClelland*, 2012-Ohio-157.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 97209

---

## STATE, EX REL. JOSEPH MCGRATH

RELATOR

vs.

## JUDGE MCCLELLAND, ET AL.

RESPONDENTS

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Mandamus and/or Prohibition
Motion No. 447897
Order No. 451114

RELEASE DATE: January 13, 2012

ATTORNEYS FOR RELATOR

Joseph McGrath, Pro Se
No. 570-424
Grafton Correctional Institution
Grafton, Ohio 44044

**ATTORNEYS FOR RESPONDENTS**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: James E. Moss, Esq.
Assistant County Prosecutor
9ᵗʰ Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1} Joseph McGrath has filed a "complaint for a writ of mandmaus and/or prohibition." Through the complaint for extraordinary relief, McGrath requests: (1) mandamus to compel Judge Robert McClelland to vacate the criminal sentence imposed in *State v. McGrath*, Cuyahoga Cty. Court of Common Pleas Case No. CR-388833 on the basis of the improper imposition of postrelease control; (2) mandamus to compel Judge McClelland to issue a final appealable order that complies with Crim.R. 32(C); (3) mandamus to compel the Cuyahoga Cty. Clerk of Courts to return all monies garnished from McGrath vis-a-vis the order to pay costs as entered in *State v. McGrath,* supra; and (4) prohibition to prevent the Cuyahoga Cty. Clerk of Courts from garnishing any of McGrath's assets. Judge McClelland and the

Cuyahoga Cty. Clerk of Courts have filed a joint motion for summary judgment, which we grant for the following reasons. In addition, we grant the request that McGrath be declared a vexatious litigator pursuant to Loc.App.R. 23.

{¶ 2} Initially, we find that the doctrine of res judicata prevents McGrath from seeking writs of mandmaus and prohibition. Res judicata bars the litigation of all claims that were litigated or could have been litigated in a prior legal action. *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084 ¶ 9; *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272 , 2005-Ohio-1509, 824 N.E.2d 1000 ¶ 14. McGrath has previously raised the issues of a defective sentence based upon the improper imposition of postrelease control, a final appealable order that complies with Crim.R. 32(C), and the garnishment of assets in order to satisfy the imposition of court costs, through two separate prior actions. In *State ex rel. McGrath v. Matia*, et al., 8th Dist. No. 94147, 2010-Ohio-1987, McGrath sought mandamus to vacate the sentence imposed in *State v. McGrath*, supra, based upon the improper imposition of postrelease control.[1] This court dismissed the complaint for a writ of mandmaus on April 30, 2010, finding

---

[1]McGrath named both Judge David T. Matia and Judge Eileen A. Gallagher as respondents. Judge Matia presided over Cuyahoga Cty. Court of Common Pleas Case No. CR-352526 while Judge Gallagher presided over Cuyahoga Cty. Court of Common Pleas Case No. CR-388833.

that: (1) McGrath failed to establish his claims for relief in mandmaus; (2) McGrath possessed an adequate remedy at law through a direct appeal; (3) McGrath failed to establish his claims for prohibition; and (4) McGrath failed to comply with the mandatary requirements of R.C. 2969.25, which requires an affidavit of prior civil actions.

{¶ 3} In addition, McGrath filed a "complaint for an original writ of mandamus and/or prohibition" in the Supreme Court of Ohio. *State ex rel. McGrath v. Gallagher*, et al, Ohio Supreme Court Case No. 10-1830. Once again, McGrath, through the complaint for an extraordinary writ of mandamus and/or prohibition, attempted to raise the following issues based upon the claim that postrelease control was improperly imposed at the time of sentencing in CR-388833: (1) sentence was void; and (2) Cuyahoga Cty. Clerk of Courts was improperly garnishing assets vis-a-vis the imposition of court costs. On November 5, 2010, Judge Gallagher and the Cuyahoga Cty. Clerk of Courts filed a joint motion to dismiss, based upon the argument of res judicata. On December 29, 2010, the Supreme Court of Ohio granted the motion to dismiss that was predicated upon the application of the doctrine of res judicata. See *State ex rel. McGrath v. Gallagher, et al*, 127 Ohio St.3d 1483, 2010-Ohio-637, 939 N.E.2d 182.

{¶ 4} Once again, the doctrine of res judicata bars the relitigation of the claims or issues that were raised or might have been raised within the two

prior original actions as filed by McGrath . *State ex rel. Sneed v. Anderson, supra,* 866 N.E.2d 1084; *State ex rel. Mora v. Wilkinson, supra*, 824 N.E.2d 1000. Specifically, the claims or issues of improper postrelease control, void sentence, and the improper garnishment of assets in order to satisfy the imposition of court costs, in CR-388833, are barred from relitigation by the doctrine of res judicata.

{¶ 5} It must also be noted that any claims associated with the imposition of court costs, and the collection of court costs, may not be addressed by way of an extraordinary writ. McGrath possesses or possessed an adequate remedy at law through a direct appeal. *State ex rel. Whittengerger v. Clarke*, 89 Ohio St.3d 207, 2000-Ohio-136, 729 N.E.2d 756; *State ex rel. Recker v. Putnam Cty. Clerk of Courts*, 87 Ohio St.3d 235, 1999-Ohio-37, 718 N.E.2d 1290; *Hutton v. McMonagle*, 8th Dist. No. 78821, 2001 WL 664139, *1 (June 7, 2001).

{¶ 6} Finally, we must address the request of Judge McClelland and the Cuyahoga Cty. Clerk of Courts to declare McGrath a vexatious litigator. Pursuant to Loc.App.R. 23(A), an original action shall be considered frivolous if it is not reasonably grounded in fact or warranted by existing law. Loc.App.R. 23(B) further provides that a party that habitually, persistently and without reasonable cause engages in frivolous conduct, may be declared a vexatious litigator subject to filing restrictions. In the case sub judice,

McGrath previously filed two identical complaints for extraordinary writs of mandamus and prohibition based upon the same facts and issues of a defective sentence, postrelease control, and garnishment of assets in order to pay court costs as ordered in CR-388833. Once again, through the present complaint for writs of mandamus and prohibition, McGrath attempts to argue the identical issues of a defective sentence, postrelease control, and garnishment of assets in order to pay court costs as ordered in CR-388833. We find that McGrath's continued attempt to relitigate the issues of a defective sentence, postrelease control, and court costs constitutes frivolous conduct pursuant to Loc.App. R. 23(A). It must also be noted that McGrath has continually taxed the limited resources of this court through the filing of 23 appeals and 13 original actions over the past 10 years. See Exhibit "A" as attached to this opinion.

{¶ 7} Thus, we find McGrath to be a vexatious litigator under Loc.App.R. 23. Accordingly, McGrath is prohibited from instituting any future legal proceedings in the Eighth District Court of Appeals without first obtaining leave and is further prohibited from filing any proceedings in the Eighth District Court of Appeals without the filing fee and security for costs required by Loc.App.R. 3(A). Any request to file an appeal or original action shall be submitted to the clerk of this court for the court's review.

{¶ 8} Accordingly, we grant the joint motion for summary judgment filed by Judge McClelland and the Cuyahoga Cty. Clerk of Courts. It is further ordered that McGrath be declared a vexatious litigator pursuant to Loc.App.R. 23. Costs to McGrath. A copy of this judgment shall be served upon all parties as required by Civ.R. 58(B).

Writ denied.

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR

Exhibit "A"

1) *State v. McGrath*, Cuyahoga App. No. 77896, filed 4/24/00

2) *State v. McGrath*, Cuyahoga App. No. 79976, filed 7/16/01

3) *State v. McGrath*, Cuyahoga App. No. 80645, filed 12/18/01

4) *State v. McGrath*, Cuyahoga App. No. 80700, filed 1/2/02

5) *Cleveland v. McGrath*, Cuyahoga App. No. 8122, filed 4/29/02

6) *McGrath v. Gallagher*, Cuyahoga App. No. 81241, filed 5/22/02

7) *McGrath v. Cuyahoga Cty. Corrections Center*, Cuyahoga App. No. 81505, filed 7/5/02

8) *State ex rel. McGrath v. Ohio Adult Parole Authority*, et al, Cuyahoga App. No. 82287, filed 1/7/03

9) *State ex rel. McGrath v. Gilligan*, Cuyahoga App. No. 83884, filed 12/4/03

10) *McGrath v. Ohio Adult Parole Authority*, Cuyahoga App. No. 84362, filed 3/19/04

11) *State v. McGrath*, Cuyahoga App. No. 85046, filed 8/3/04

12) *State ex rel. McGrath v. Parma Muni. Court*, Cuyahoga App. No. 85601, filed 11/26/04

13) *State ex rel. McGrath v. McDonnell*, Cuyahoga App. No. 87368, filed 11/23/05

14) *State ex rel. McGrath v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 89924, filed 5/25/07

15) *McGrath v. McFaul*, Cuyahoga App. No. 89956, filed 6/4/07

16) *McGrath v. McFaul*, Cuyahoga App. No. 90043, filed 6/21/07

17) *State v. McGrath*, Cuyahoga App. No. 91192, filed 3/24/08

18) *Parma v. McGrath*, Cuyahoga App. No. 91220, filed 3/26/08

19) *State v. McGrath*, Cuyahoga App. No. 91259, filed 4/8/08

20) *State v. McGrath*, Cuyahoga App. No. 91261, filed 4/8/08

21) *State v. McGrath*, Cuyahoga App. No. 92971, filed 3/12/09

22) *State v. McGrath*, Cuyahoga App. No. 93055, filed 3/27/09

23) *State v. McGrath*, Cuyahoga App. No. 93110, filed 4/7/09

24) *State v. McGrath*, Cuyahoga App. No. 93444, filed 6/11/09

25) *State v. McGrath*, Cuyahoga App. No. 93445, filed 6/11/09

26) *State v. McGrath*, Cuyahoga App. No. 94005, filed 9/28/09

27) *State ex rel. McGrath v. Matia*, Cuyahoga App. No. 94147, filed 10/23/09

28) *State v. McGrath*, Cuyahoga App. No. 94171, filed 10/29/09

29) *State v. McGrath*, Cuyahoga App. No. 94229, filed 11/10/09

30) *State ex rel. McGrath v. McDonnell*, Cuyahoga App. No. 94819, filed 3/15/10

31) *McGrath v. Bassett*, Cuyahoga App. No. 96360, filed 2/1/11

32) *State v. McGrath*, Cuyahoga App. No. 96821, filed 5/20/11

33) *State v. McGrath*, Cuyahoga App. No. 96993, filed 7/1/11

34) *State ex rel. McGrath v. Calabrese*, Cuyahoga App. No. 97082, filed 7/25/11

35) *State v. McGrath*, Cuyahoga App. No. 97207, filed 8/25/11

36) *State ex rel. McGrath v. McClelland*, Cuyahoga App. No. 97209, filed 8/26/11