[Cite as *Gallwitz v. Novel*, 2012-Ohio-1559.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| WAYNE GALLWITZ, Executor of the Estate of GLEN GALLWITZ | JUDGES: Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11 CA 84 |
| ABBY NOVEL | O P I N I O N |
| Defendant-Appellant | |



CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  2011 CV 00470


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 4, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM DOUGLAS LOWE                       ABBY NOVEL
REESE, PYLE, DRAKE & MEYER                 PRO SE
Post Office Box 919, 36 North 2nd St.      Post Office Box 416, 301 North Main Street
Newark, Ohio  43058-0919                   Utica, Ohio  43080


For Scott K. Ryan                         For Licking County Planning Commission

DENNIS E. DOVE                             JAMES D. MILLER
LICKING COUNTY PROS. OFFICE                LICKING COUNTY PROS. OFFICE
20 South Second Street, P. O. Box 830      20 South Second Street, P. O. Box 830
Newark, Ohio  43058-0830                   Newark, Ohio  43058-0830

*Wise, J.*

**{¶1}**    Appellant Abby Novel appeals from the July 14, 2011, decision of the Licking County Common Pleas Court granting summary judgment in favor of Appellee Wayne Gallwitz, Executor of the Estate of Glen Gallwitz.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}**    The relevant facts of this case are as follows:

**{¶3}**    On or about January 1, 2008, Appellant Abby Novel executed a note stating that Glen Gallwitz, her stepfather, had loaned her $5,000.00 at 6% interest for a total of $10,000.00.

**{¶4}**    Subsequently, on June 24, 2009, Gallwitz filed a complaint against Appellant, demanding judgment against her in the amount of $10,000.00 plus interest.

**{¶5}**    On July 22, 2009, Novel filed her Answer, claiming that the money given to her on January 8, 2002, by Glen Gallwitz was a gift. Novel further alleged that, on such date, she offered to pay Glen Gallwitz back but was told that she did not have to do so because she had taken care of Gallwitz during his senior years and because her mother, Carrie Gallwitz, had allowed Gallwitz's grandson to live rent-free at a rental home owned by Carrie in Columbus. Novel further alleged that she had written out the loan note on her own initiative.

**{¶6}**    After Glen Gallwitz died on July 2, 2009, his son Wayne Gallwitz, the Executor of Glen Gallwitz's estate, was substituted as the party plaintiff.

**{¶7}**    Appellee Gallwitz obtained a judgment against Appellant in the amount of $14,980.82 in Knox County, Ohio.  Said judgment was upheld on appeal.

{¶8}   The judgment is secured by a Certificate of Judgment filed as of record with the Licking County Clerk of Courts, at Judgment Docket 132, page 39. The Certificate of Judgment has an outstanding principal balance of $10,000, with interest at six percent (6%) per annum from April 28, 2010, until satisfied.

{¶9}   No payments have been made towards the judgment, with the entire amount, including accumulating interest, remaining unsatisfied. Interest is increasing at the rate of $1.64 per day. As of May 5, 2011, post-judgment interest amounted to $611.51 for a total balance due of $15,592.33.

{¶10}  A foreclosure action was filed in this matter on April 4, 2011.

{¶11}  Appellant filed her Answer on May 2, 2011.

{¶12}  On May 10, 2011, after obtaining leave, Appellee filed a Motion for Summary Judgment. The trial court scheduled the matter for a non-oral hearing on the Motion for Summary Judgment on May 27, 2011, at 4:30 p.m.

{¶13}  On May 25, 2011, Appellant filed her Memorandum Contra Appellee's Motion.

{¶14}  On May 26, 2011, Appellant filed an Ex Parte Motion for a Temporary Restraining Order.

{¶15}  Appellant failed to serve notice on either Appellee or Appellee's counsel. Learning that such a motion had been filed through a review of the on-line docket, Appellee filed a Memorandum Contra the Motion for a Temporary Restraining Order on May 27, 2011.

{¶16}  On June 21, 2011, the trial court denied Appellant's Motion for a Temporary Restraining Order.

{¶17} On June 21, 2011, the court also granted Appellant's son, Sur Novel, permission to appear Pro Hac Vice and continued the non-oral hearing on the Motion for Summary Judgment until June 30, 2011, at 4:30 p.m.

{¶18} On June 29, 2011, Appellant filed a Motion to again continue the non-oral hearing date. Appellee filed a Memorandum Contra that Motion on July 5, 2011.

{¶19} On June 30, 2011, Appellee filed a notice to take Appellant's telephone deposition for July 18, 2011, with said deposition to take place in Cleveland, Ohio.

{¶20} On July 12, 2011, Appellant filed for a protective order regarding said deposition stating that there had been no prior agreement or court order to allow a telephone deposition.

{¶21} Also on July 12, 2011, Appellant filed a second Memorandum Contra Appellee's Motion for Summary Judgment.

{¶22} On July 14, 2011, the trial court denied Appellant's request for additional time to file a third memorandum contra Appellee's Motion for Summary Judgment.

{¶23} Also on July 14, 2011, the trial court granted Appellee's Motion for Summary Judgment, issuing a Foreclosure Decree.

{¶24} Appellant now appeals, assigning the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶25} "I. THE LOWER COURT ERRER (SIC) IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED RELATING TO THE DEFENDANT-APPELLANT'S AFFIRMATIVE DEFENSES OF "LEGAL INCOMPETENCE AND FRAUD" PLEADED IN HER ORIGINAL ANSWER.

**{¶26}** "II. THE LOWER COURT ERRED BECAUSE THE ORIGINAL PLAINTIFF, GLEN GALLWITZ, IN THE UNDERLYING LAWSUIT WAS LEGALLY INCOMPETENT AS PROVED BEYOND A REASONABLE DOUBT DURING HIS DEPOSITION UNDER OATH.

**{¶27}** "III. THE LOWER COURT ERRED BECAUSE ATTORNEY WM. DOUGLAS LOWE CONSPIRED WITH ATTORNEY DAVID C. MORRISON TO COVER UP THE LEGAL INCOMPETENCE OF GLEN GALLWITZ BY FORGING A POWER OF ATTORNEY ("POA") AFTER THE DEATH OF GLEN GALLWITZ.

**{¶28}** "IV. THE LOWER COURT ERRED BECAUSE THE DEFENSE OF "LEGAL INCOMPETENCE AND FRAUD" WERE NEVER PLEADED IN THE ANSWER OR LITIGATED DURING THE ORIGINAL LAWSUIT IN KNOX COUNTY UNDER JUDGE OTHO EYSTER BECAUSE SUCH WERE STILL NOT DISCOVERED BY DEFENDANT-APPELLANT.

**{¶29}** "V. THE LOWER COURT ERRER (SIC) BECAUSE JUDGE DAVID BRANSTOOL FAILED TO ALLOW THE DEFENDANT-APPELLANT A REASONABLE OPPORTUNITY TO TAKE THE NOTICED DEPOSITION OF PLAINTIFF-APPELLEE, WAYNE GALLWITZ.

**{¶30}** "VI. THE LOWER COURT ERRER (SIC) IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE BECAUSE THE ORIGINAL PLAINTIFF, GLEN GALLWITZ, IN THE UNDERLYING LAWSUIT LACKED CAPACITY AND WAS UNDER THE UNDUE INFLUENCE OF IMMEDIATE MEMBERS OF THE GALLWITZ FAMILY."

<u>Summary Judgment Standard</u>

{¶31} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: " *** Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *** A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.*** "

{¶32} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of

material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶33} It is pursuant to this standard that we review Appellant's Assignments of Error.

### I., II, III, IV, & VI

{¶34} Appellant herein claims the trial court erred in granting summary judgment in favor of Appellee and issuing a Foreclosure Decree in this matter. We disagree.

{¶35} This Court has thoroughly examined and analyzed each of Appellant's assignments of error and finds that the doctrine of *res judicata* is applicable in the instant action.

{¶36} The doctrine of *res judicata* consists of two different but related legal concepts-claim preclusion and issue preclusion. *Id.* The doctrine of issue preclusion, which is also known as collateral estoppel, "holds that a fact or point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140. In turn, the doctrine of claim preclusion, which is also known as estoppel by judgment, provides that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava, supra*, at syllabus.

**{¶37}** Appellant herein is asserting arguments that either were or could have been raised in her two previous appeals involving the will contest action against the Estate of Glen Gallwitz or the action by Gallwitz to recover on the Note herein.

**{¶38}** The doctrine of *res judicata* bars the re-litigation of the claims or issues that were raised or might have been raised within the two prior actions. *State ex rel. Sneed v. Anderson, supra,* 866 N.E.2d 1084; *State ex rel. Mora v. Wilkinson, supra,* 824 N.E.2d 1000. Under the doctrine of law of the case, Appellant cannot resurrect these same arguments by merely requesting to reopen the case.

**{¶39}** Appellant's Assignments of Error I, II , III, IV and VI are overruled.

V.

**{¶40}** Appellant argues in her fifth Assignment of Error that the trial court erred in not allowing her to take the telephone deposition of Wayne Gallwitz or additional time for discovery.  We disagree.

**{¶41}** Upon review we find no error as Appellant failed to provide the trial court with sufficient reasons why she could not present facts essential to her opposition to Appellee's motion for summary judgment pursuant to Civ.R. 56(F).  Rather, Appellant had already filed a response in opposition, then her son entered his Pro Hac Vice appearance and the trial court granted a continuance of the non-oral hearing, then Appellant filed a second response in opposition.  We find no evidence to support that Appellant was prejudiced by not being permitted additional time to file a third response in opposition.

**{¶42}** Further, as to the deposition, Appellant failed to properly serve notice on either Mr. Gallwitz or his counsel of her wish to take such deposition. Additionally, the

trial court granted summary judgment in this matter disposing of all claims prior to the time such deposition had been "scheduled" to take place.

**{¶43}** Appellant's fifth Assignment of Error is overruled.

**{¶44}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0314

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


WAYNE GALLWITZ, Executor of the          :
Estate of GLEN GALLWITZ                          :
                                                               :
          Plaintiff-Appellee                          :
                                                               :
-vs-                                                           :            JUDGMENT ENTRY
                                                               :
ABBY NOVEL                                             :
                                                               :
          Defendant-Appellant                     :            Case No. 11 CA 84


          For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.

          Costs assessed to Appellant.


                                                    _____


                                                    _____


                                                    _____

                                                                    JUDGES