[Cite as *State ex rel. Dye v. Bradshaw*, 2013-Ohio-3298.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO EX REL. | : | JUDGES: |
| JAMES A. DYE, JR. | : | |
| | : | |
| Petitioner | : | Hon. Patricia A. Delaney P.J. |
| | : | Hon. William B. Hoffman J. |
| -vs- | : | Hon. Sheila G. Farmer J. |
| | : | |
| MARGARET BRADSHAW, Warden | : | |
| | : | CASE NO. 12CA123 |
| | : | |
| Respondent | : | |
| | : | OPINION |


CHARACTER OF PROCEEDING:           Petition for Writ of Habeas Corpus


JUDGMENT:                          WRIT DENIED


DATE OF JUDGMENT ENTRY:            July 2, 2013


APPEARANCES:

For Petitioner – Pro se:                  For Appellee:

JAMES A. DYE, JR.                         MAURA O'NEIL JAITE (0058524)
c/o Richland Correctional Inst.           Senior Asst. Attorney General
1001 Olivesburg Rd.                       Ohio Attorney General's Office
P.O. Box 8107                             150 East Gay Street, 16th Floor
Mansfield, OH  44901-8107                 Columbus, OH  43215

Delaney, P.J.,

{¶1} Petitioner, James A. Dye, Jr., has filed a petition for writ of habeas corpus requesting release from prison claiming his 1992 state court conviction is void. Respondent has filed a motion to dismiss pursuant to Civ.R.12(B)(6) for failure to state a claim upon which relief may be granted.

{¶2} In 1991, Petitioner faced both state and federal charges for mailing a bomb to his ex-wife in Crawford County, Ohio which exploded and injured her stepfather. Following a jury trial in the Crawford County Court of Common Pleas in 1992, Petitioner was convicted of Attempted Aggravated Murder in violation of R.C. 2923.02 and Aggravated Arson in violation of R.C. 2909.02 with a Harm Specification. Petitioner was sentenced to an aggregate term of 7 to 25 years on the Attempted Murder conviction and 10 to 25 years on the Aggravated Arson charge. The sentences were ordered to be served consecutive to one another and consecutive to Petitioner's sentence in federal court. According to Petitioner, he was sentenced on September 4, 1991 by the U.S. District Court, W.D. of Pennsylvania on federal charges, incarcerated in the federal prison system and then subsequently transported to Ohio in October, 1991 to be arraigned on the state court charges.

{¶3} Petitioner appealed his state court conviction to the Third District Court of Appeals where his conviction and sentence were affirmed. *State v. Dye,* 3rd Dist. No. 3-92-47, 1993 WL 157728 (May 14, 1993). On direct appeal, Petitioner unsuccessfully argued, in part, that his speedy trial rights were violated under the Interstate Agreement on Detainers (hereinafter "IAD") as set forth in Ohio R.C. 2963.30. Article IV(c) of the

IAD requires that a prisoner against whom a detainer is issued, shall be tried within 120 days upon his arrival in the receiving state, in this case Ohio.

{¶4}    In addressing this issue, the Third District stated that the provisions of the IAD were not triggered until the state filed a detainer, which occurred on April 10, 1992, and found that a "warrant for removal" for purposes of arraigning Petitioner on the Crawford County indictment on October 10, 1991, did not constitute a "detainer" under the terms of the IAD. *Id.* at *4.

{¶5} In the instant petition, Dye now alleges that a detainer was issued by the Crawford County Sheriff's Department on January 8, 1991 due to a notation in a federal presentence report, which is attached to his petition.  Dye also asserts that the ADA's "antishuttling" provision of the IAD, as set forth in Art. IV(e), required him to be tried on the state charges prior to him being returned to federal prison after his October 10, 1991 arraignment.

{¶5} The Supreme Court has addressed the propriety of a 12(B)(6) motion in a habeas action. "'R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.' " *Waites v. Gansheimer,* 110 Ohio St.3d 250, 2006–Ohio–4358, 852 N.E.2d 1204, ¶ 8, quoting *Chari v. Vore* (2001), 91 Ohio St .3d 323, 327, 744 N.E.2d 763. "First, application is by petition that contains certain information. R.C. 2725.04. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 609, 653 N.E.2d 659, see

also *State ex rel. Sneed v. Anderson,* 114 Ohio St.3d 11, 11–12, 2007–Ohio–2454, 866 N.E.2d 1084,1085.

{¶6}  Article IV(e) of the Interstate Agreement on Detainers provides:

"(e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V (e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

{¶7} The Third District Court of Appeals stated, "[The United States Supreme Court] determined that the provisions of the IAD are not triggered until the receiving state files a detainer. *Id.* at 349."  *State v. Dye*  1993 WL 157728, 3 (Ohio App. 3 Dist.) citing *United States v. Mauro* (1978), 436 U.S. 340, 349.

{¶8} In Petitioner's direct appeal, the appellate court found the IAD was not triggered until April 10, 1992, "[W]e conclude that for purposes of determining whether appellant's right to a speedy trial was violated in conjunction with the time provisions of the IAD, an IAD detainer was not issued upon appellant until April 10, 1992, at which time he received notification that he was wanted in another jurisdiction to face other pending charges." *State v. Dye*  1993 WL 157728, 4 (Ohio App. 3 Dist.).

{¶9} Petitioner argues that a detainer was issued on January 8, 1991 as he maintains is evidenced by the federal "Presentence Report" which states, "Detainers: Crawford County, OH, Sheriff's Department, placed on 1-8-91."  The issue of when a detainer was issued for purposes of invoking the IAD was already litigated in Petitioner's direct appeal.  Therefore, the issue is barred by res judicata.

{¶10} Petitioner argues he was arraigned on October 16, 1991 and returned to federal custody prior to a trial, therefore, Article IV(e) required the indictment to be dismissed.

{¶11} While it is true Petitioner was arraigned and returned to federal custody prior to trial, the IAD was not invoked at the time of the arraignment and return because a detainer had not yet been issued.  For this reason, Petitioner's claim fails.  The requested writ of habeas corpus is denied, and the motion to dismiss is granted.


By:  Delaney, P.J.

Hoffman, J. and

Farmer, J. concur


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER

[Cite as *State ex rel. Dye v. Bradshaw*, 2013-Ohio-3298.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO EX REL. | : | |
| JAMES A. DYE, JR. | : | |
| | : | CASE NO. 12CA123 |
| Petitioner | : | |
| | : | |
| -vs- | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| MARGARET BRADSHAW, Warden | : | |
| | : | |
| Respondent | : | |

For the reasons stated in our accompanying Memorandum-Opinion,

Petitioner's Writ of Habeas Corpus is hereby DISMISSED.  Costs to Petitioner.

_____
HON. PATRICIA. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER