[Cite as *State v. Wise*, 2013-Ohio-4632.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-T-0033** |
| - vs - | : | |
| DAMION CRAIG WISE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2009 CR 00596.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Damion Craig Wise*, pro se, PID# A582587, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, OH 45601 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Damion Craig Wise, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, denying his Motion to Withdraw Guilty Plea. The issue to be determined by this court is whether the trial court abused its discretion by denying a defendant's second motion to withdraw his plea, without a hearing, when the defendant alleged he was incompetent to plead guilty, due to a

purported suicide attempt.  For the following reasons, we affirm the decision of the trial court.

{¶2}   On September 11, 2009, the Trumbull County Grand Jury issued a Superseding Indictment, charging Wise with the following: one count of Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2) and (D)(1)(a); four counts of Endangering Children, felonies of the third degree, in violation of R.C. 2919.22(B)(2) and (E)(1) and (3); one count of Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (D)(1)(a); one count of Endangering Children, a felony of the second degree, in violation of R.C. 2919.22(B)(2) and (E)(1) and (3); two counts of Endangering Children, misdemeanors of the first degree, in violation of R.C. 2919.22(A) and (E)(1) and (2)(a); and one count of Rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b) and (B) and R.C. 2971.03(B)(1)(b).

{¶3}   Wise entered a plea of not guilty by reason of insanity on November 2, 2009.

{¶4}   On November 17, 2009, the trial court issued a Journal Entry titled "Order Directing Evaluation of Defendant's Sanity at the Time of the Offense Charged."  In this Entry, the court ordered that an examination be completed to determine Wise's "mental condition at the time of the offenses charged," and required the examiner to submit a written report to the court within 30 days.  The record does not indicate that such a report was ever filed.

{¶5}   On March 4, 2010, a "Finding of Guilty Plea to the Amended Indictment" was filed, in which Wise entered a guilty plea to all ten charges in the Superseding Indictment.  It stated that the plea was being made "knowingly and voluntarily" and

2

outlined the rights Wise waived by pleading guilty. It also contained a statement that Wise was advised of his rights and that the guilty plea was accepted by the trial court.

{¶6} Pursuant to an April 12, 2010 Amended Entry on Sentence, Wise was ordered to serve an aggregate sentence of ten years to life in prison. He was classified as a Tier III sex offender.

{¶7} On January 16, 2012, Wise filed a Motion to Withdraw Plea, pursuant to Crim.R. 32.1, asserting that he was not competent at the time he entered his guilty plea, since he had attempted suicide while in jail. On March 2, 2012, the trial court issued a Judgment Entry, denying Wise's Motion.

{¶8} Wise subsequently appealed and in *State v. Wise*, 11th Dist. Trumbull No. 2012-T-0028, 2012-Ohio-4896, this court affirmed the lower court, holding that the evidence did not support a finding that Wise was incompetent or otherwise unable to enter a guilty plea.

{¶9} On February 25, 2013, Wise filed a second Motion to Withdraw Guilty Plea, asserting that he was suicidal and depressed around the time of his guilty plea. He argued that this rendered him incompetent to enter a plea. Attached to the Motion was an incident report from the Trumbull County Justice Center, which explained that Wise had attempted suicide on January 25, 2010. Also attached was a Jail Assessment, in which the mental health counselor noted that Wise reported being depressed.

{¶10} The trial court denied Wise's Motion in a March 5, 2013 Judgment Entry.

{¶11} Wise timely appeals and raises the following assignment of error:

3

{¶12} "The trial court abused its discretion by denying the appellant's motion to withdraw his guilty plea without a hearing."

{¶13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "The phrase 'manifest injustice' has been 'variously defined,' however, 'it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.'" *Conneaut v. Donofrio*, 11th Dist. Ashtabula No. 2008-A-0072, 2009-Ohio-2947, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977) (citation omitted).

{¶14} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *Smith* at paragraph one of the syllabus. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the syllabus; *State v. Pough*, 11th Dist. Trumbull No. 2010-T-0117, 2011-Ohio-3630, ¶ 15 (a trial court's denial of a motion to withdraw a guilty plea is reviewed pursuant to an abuse of discretion standard).

{¶15} Wise argues that his Motion to Withdraw Guilty Plea, his second such motion, should have been granted, since the trial court failed to take into account his incompetency, attempted suicide, and his state of mind when accepting his guilty plea, and, therefore, his plea could not have been knowingly and intelligently given. This is

4

the same argument he raised in his prior Motion to Withdraw Plea and his subsequent his claim that he attempted suicide prior to the entry of his guilty plea.

{¶16} Since Wise raises the same issues as in his prior Motion to Withdraw Plea and the ensuing appeal, his arguments should be barred by res judicata. Res judicata applies to postsentence motions to withdraw guilty pleas and prevents a defendant from raising issues that could have been raised in a previous motion. *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶ 22 ("[r]es judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding"); *State v. Nicholas*, 11th Dist. Portage No. 2009-P-0049, 2010-Ohio-1451, ¶ 23 (when the issue of the voluntariness of the defendant's plea had been raised in several prior motions, he was "barred by the doctrine of res judicata from raising it again"); *State v. Lankford*, 7th Dist. Belmont No. 07BE3, 2007-Ohio-3330, ¶ 7-9; *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, ¶ 9. Wise's arguments have already been raised and thoroughly addressed in his prior appeal. Any evidence now presented could have been provided in the prior motion.

{¶17} As was previously held by this court, the record revealed no evidence of Wise's incompetence to enter a guilty plea. Any such claim was also contradicted by the written guilty plea, which stated that he was "making the plea knowingly and voluntarily" and that Wise had a "full understanding" of his legal rights and the charges against him. The plea further contained a finding by the trial court that Wise understood each of his rights and had no notation regarding a lack of competency or a suicide attempt. This supports a finding that his plea was given voluntarily. *Wise*, 2012-Ohio-

4896, at ¶ 18. *See State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶ 12 (statements contained in a signed guilty plea can establish that a defendant's plea was given knowingly, voluntarily, and intelligently). No transcript of the plea hearing was provided by Wise to show that the plea hearing was improper or the appropriate advisements were not given.

{¶18} Wise argues that this Motion to Withdraw is different from the previous one and warrants separate consideration, since he has supplied documentation to prove his suicide attempt and a record of depression while in jail. However, even when considering the documents provided by Wise, which show he attempted suicide on January 25, 2010, over a month prior to the entry of his guilty plea, evidence of a suicide attempt does not render a guilty plea involuntary. Wise fails to provide support for a finding that a suicide attempt is evidence of incompetence. Various districts have found that a suicide attempt, when it is not coupled with other evidence of a defendant's incompetence, does not warrant a conclusion that a defendant is incompetent to either stand trial or enter a plea of guilty. *See State v. Thayer*, 6th Dist. Erie No. E-08-059, 2009-Ohio-5198, ¶ 60 (a plea was knowingly and intelligently made, although the defendant attempted suicide prior to entering the plea, when no other evidence was present to show the defendant was incompetent); *State v. Robinson*, 8th Dist. Cuyahoga No. 89136, 2007-Ohio-6831, ¶ 28 (where the only evidence related to a defendant's incompetence was a suicide attempt, and the record showed that he was properly advised of his rights and understood them, the trial court did not err by failing to hold a competency hearing).

6

**{¶19}** When previously considering this issue, this court reached its holding while assuming that the suicide attempt did occur and explained the following:

> **{¶20}** When accepting Wise's alleged suicide attempt as true, * * * there can be no finding that Wise was entitled to relief. There is no statement by Wise before the court as to how the suicide attempt caused Wise to be incompetent or that it prevented him from competently entering a plea. Additionally, the assertion that the plea was not rendered knowingly and intelligently due to incompetence is contradicted by the various statements in the written plea that the plea was being made "knowingly and voluntarily" and that Wise had a "full understanding" of his legal rights.

*Wise*, 2012-Ohio-4896, at ¶ 27. Even in light of the new supporting evidence related to the suicide attempt, there simply is no basis to conclude that such an attempt evidenced that the plea was not entered knowingly and intelligently.

**{¶21}** Wise also asserts that he was suffering from depression at the time of the entry of his plea, and submitted documentation in support of this assertion. The Jail Assessment shows that Wise himself reported being depressed. There is no evidence that he was officially diagnosed with depression or that his alleged depression rendered him incompetent. Wise provided no evidence, argument, or case law correlating depression with the inability to enter a plea knowingly and intelligently. *See State v. Edwards*, 8th Dist. Cuyahoga No. 85908, 2006-Ohio-2315, ¶ 33-35 (rejecting the defendant's argument that his depression rendered his plea involuntary, given that the

7

plea hearing transcript did not support such a finding); *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 19.

{¶22} Wise also argues that he was entitled to an evidentiary hearing on his Motion to Withdraw Guilty Plea. This court already addressed the issue of whether Wise was entitled to a hearing regarding his competence, noting that there was no evidence of incompetence to justify such a hearing. *Wise*, 2012-Ohio-4896, at ¶ 26-28. There is nothing about the additional attached documents that would alter this analysis in the present matter.

{¶23} The sole assignment of error is without merit.

{¶24} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, denying Wise's Motion to Withdraw Guilty Plea, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.