[Cite as *State v. Fair*, 2014-Ohio-5776.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27293 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LE'JON DARNELL FAIR | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 09 2585(E) |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

HENSAL, Judge.

{¶1}  Le'Jon Fair appeals his convictions and sentence from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}  In September 2011, the Grand Jury indicted Mr. Fair for trafficking in cocaine, possession of cocaine, failure to comply with the order or signal of a police officer, and tampering with evidence. The drug offenses included major-drug-offender and criminal-forfeiture specifications. The case proceeded to trial in February 2013. At some point during the trial, Mr. Fair decided to enter an *Alford* plea to the trafficking, failure to comply, and tampering charges. The trial court accepted his plea, and sentenced him to a total of seven years imprisonment. At sentencing, the court did not advise Mr. Fair of his right to appeal, but in June 2014, this Court granted Mr. Fair's motion to file a delayed appeal.

ASSIGNMENT OF ERROR

DEFENDANT WAS DENIED THE CONSTITUTIONAL RIGHT AND PRIVILEGE TO RETAIN COUNSEL OF CHOICE AT A CRITICAL STAGE OF THE JUDICIAL PROCESS INVOLVING APPELLATE REVIEW OF CONVICTION AND SENTENCES.

{¶3}    Mr. Fair argues that the trial court erred because it did not advise him of his appellate rights. He argues that the court's error deprived him of the right to counsel on appeal, which renders his convictions void. He also argues that his trial counsel failed to advise him of his right to appeal. He further argues that, if he had had appellate counsel, his counsel would have advised him about post-conviction relief.

{¶4}    Mr. Fair has not demonstrated reversible error. If a trial court does not notify a criminal defendant about his right to appeal the court's judgment, the remedy is a delayed appeal, which is what Mr. Fair has received. *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, ¶ 8. Regarding the right to appellate counsel, we note that Mr. Fair has not retained an attorney or asked for the appointment of, even though he acknowledges his right to counsel. As for the fact that Mr. Fair did not have an appellate counsel to tell him about post-conviction relief, he has not identified any issues that he is not able to raise adequately in this delayed appeal.

{¶5}    Mr. Fair's only argument concerning the merits of his conviction is that the State did not place enough evidence in the record for the trial court to accept his *Alford* plea. The Ohio Supreme Court has recognized that a trial court may accept "a guilty plea which contain[s] a protestation of innocence, if the defendant intelligently concludes that his interests require entry of a guilty plea and if the record before the court contains strong evidence of guilt." *State v. Post*, 32 Ohio St.3d 380, 387 (1987).

{¶6} At the *Alford* plea hearing, Mr. Fair's lawyer acknowledged that, in light of the timing of Mr. Fair's plea, the court had "heard a lot of the evidence already in this case." Mr. Fair has not provided this Court with a transcript of that testimony. We, therefore, cannot properly review the underlying facts of this case and have no choice but to presume that there was strong evidence of Mr. Fair's guilt. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶7} Upon review of the record, we conclude that any harm that resulted from the trial court's failure to notify Mr. Fair about his appellate rights has been remedied by this delayed appeal. We also conclude that Mr. Fair has not established that his convictions or sentence are improper. Mr. Fair's assignment of error is overruled.

III.

{¶8} Mr. Fair has not demonstrated prejudicial error. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JENNIFER HENSAL
FOR THE COURT


CARR, J.
WHITMORE, J.
CONCUR.


APPEARANCES:

LE'JON DARNELL FAIR, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.